SAMUEL W. MOORE et al., appellants,

*v..*

JOSEPH GALUPO, respondent.

The court of errors and appeals will not intervene and determine questions of fact respecting the status of an appellant for the convenience of respondent, but only for the prevention of injustice which cannot be otherwise prevented.

On application for a rule to show cause why appeal should not be dismissed.

*Mr. Clarence L. Cole,* for the motion.

*Mr. Joseph H. Gaskill, contra.*

PER CURIAM.

On a verified petition of respondent, setting out that the bill (which by the decree appealed from was dismissed) sought to compel respondent to perform an alleged contract to purchase certain real estate, and that since decree appellant has so altered the condition of the real estate as to make it impossible or inequitable to enforce the contract, it was prayed that this court would allow a rule on appellant to show cause why the appeal should not be dismissed for that reason.

If the appeal goes to hearing and is decided in favor of petitioner, the matter will be entirely disposed of. If the decree below should, however, be reversed and a decree requiring performance be made, petitioner, if entitled to it, can obtain the relief he now seeks by a bill of review upon the newly-discovered matter. *Norris* v. *LeNeve, 3 Atk. 26; Story Eq. Pl. §§ 404, 408; 2 Dan. Ch. Pl. & Pr. 1537; Mitf. Pl. 69.* While a bill of review for such a cause can only be filed by leave of the court,

51

such leave will doubtless be obtained if respondent's petition here correctly states the facts.

There may occur cases in which, to prevent injustice, this court will intervene and determine questions of fact affecting the status of an appeal. But such intervention should be necessary to prevent injustice, and not be resorted to for the mere convenience of the respondent. Where an order denying a preliminary injunction against the execution and delivery of a lease was appealed from, this court, after allowing and discharging a rule to show cause why the appeal should not be dismissed because the lease had been actually executed and delivered, proceeded to hear and determine the appeal, and reversed the order appealed from, and remitted the cause, with direction that the injunction issue "unless it appears by such proceedings as may properly be taken in the court below that some essential change * * * has taken place in the status of the case by reason of which the equities are changed," &c. *Black* v. *Delaware and Raritan Canal Co.,* 24 *N. J. Eq.* (*9 C. E. Gr.*) *455, 483*. It appears by the dissenting opinion of Chief-Justice Beasley (at *p. 488*) that the court decided not to admit evidence in proof of extrinsic facts, by which he evidently meant the fact that the lease had, in truth, been executed and delivered, so that an injunction against its execution would be a mere *brutum fulmen.*

The court in that case laid down the practice that must be followed in this case. Although the respondent there placed before the court facts which, if established by proof, would render the appeal of no avail, the proposition to investigate was not adopted, but refused. The appeal was heard and decided, and obviously the refusal to admit the proof, and the proceeding to hear the appeal, went on the ground that the relief, which might be appropriate, could more properly be granted in the court below.

That is the situation of the case before us, and for the reasons above mentioned the motion is denied.